This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-42147**

**JOY EBEL,**

Plaintiff-Appellant,

v.

**WENDY JOHNSON, JAY JOLLY, MARIA MARTINEZ, CECELIA KURZWEG, LA FAMILIA MEDICAL CENTER,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Matthew J. Wilson, District Court Judge**

Joy Ebel
New Orleans, LA

Pro Se Appellant

Civerolo, Gralow & Hill, P.A.
Lisa Entress Pullen
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** Plaintiff, a self-represented litigant, appeals from numerous orders and judgments by the district court related to Plaintiff's respective claims against Defendants for assault, defamation, "outrageous conduct," intentional infliction of emotional harm, false arrest, malicious prosecution, abuse of process, and conspiracy. [42147 DS 1; 41813 DS 1; RP 2390, 2427, 2754, 2931, 3019] We issued a calendar notice proposing

to affirm. Plaintiff has filed a memorandum in opposition, and Defendants Johnson, Jolly, and Martinez have filed a joint memorandum in support, each of which we have duly considered. Unpersuaded that our original proposed disposition was in error, we affirm.

**{2}** In our notice, we proposed to affirm on the grounds that Plaintiff failed to demonstrate error by the district court as to either Plaintiff's generalized contentions or her specific challenges to the district court's orders granting Defendants Johnson's and Jolly's respective motions for summary judgment and dismissing Plaintiff's claims with prejudice. [CN 2, 5-6, 10-11] In her memorandum in opposition, Plaintiff maintains her contentions that the district court erred in the underlying proceedings and broadly asserts that our proposed disposition is in error. Plaintiff does not, however, assert any new fact, law, or argument that persuades us that our notice of proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Plaintiff's memorandum in opposition seeks to reassert the same contentions raised in her docketing statement without directing this Court to any specific substantive error in our notice. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{3}** While Plaintiff does not assert any specific substantive error in our notice, she contends that this Court "completely ignored the main issues and relief requested" on appeal, and "ignored the relevant authoritative support" that Plaintiff states she provided "via documentary evidence which quoted the applicable rules and procedures that were being ignored" by the district court. [MIO 1, 4] Again, Plaintiff seeks to support these assertions by reiterating portions of her docketing statement [MIO 2-4], and does not provide any new facts, law, or argument that could demonstrate that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24. While Plaintiff's memorandum in opposition makes clear her disagreement with the proposed conclusions in our notice, it does not provide any basis that could persuade this Court that our notice was in error. *See Lukens v. Franco*, 2019-NMSC-002, ¶ 5, 433 P.3d 288 (stating that an appellant is obligated to properly present this Court with the relevant issues, assertions of error, and proper authority, and emphasizing that "[m]ere reference [to these components] in a conclusory statement will not suffice and is in violation of our rules of appellate procedure" (internal quotation marks citation omitted)). We therefore remain unpersuaded that Plaintiff has demonstrated that this Court's calendar notice was in error.

**{4}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{5}** IT IS SO ORDERED.

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**KATHERINE A. WRAY, Judge**